Andrew S. Williams (SBN 177926)
awilliams@mail.hinshawlaw.com
Sandra I. Weishart (SBN 89792)
sweishart@mail.hinshawlaw.com
Vivian I. Orlando (SBN 213833)
vorlando@mail.hinshawlaw.com
HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
Telephone:   213-680-2800
Facsimile:   213-614-7399

Attorneys for Plaintiff Transamerica Life
Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>             Plaintiff,<br><br>   vs.<br><br>MADICK INSURANCE SERVICES, LLC, MADICK INSURANCE GROUP, LLC, PROFESSIONAL PLANNING CORPORATION, KENNETH MADICK, and JEFFREY FERRETTA,<br><br>           Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**1. VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§17200 et seq.;**<br><br>**2. VIOLATIONS OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (18 U.S.C.§ 1962(c));**<br><br>**3. FRAUD-DECEIT;**<br><br>**4. UNJUST ENRICHMENT;**<br><br>**5. NEGLIGENCE; AND**<br><br>**6. NEGLIGENT MISREPRESENTATION** |

HINSHAW & CULBERTSON LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

COMPLAINT

36014045v1 0968761

Plaintiff Transamerica Life Insurance Company ("Transamerica") alleges for its Complaint against defendants Madick Insurance Services, LLC, Madick Insurance Group, LLC, Professional Planning Corporation, Kenneth Madick, and Jeffrey Ferretta (collectively referred to as "Defendants") as follows:

## **INTRODUCTION**

1.     This lawsuit arises out of an unlawful insurance scheme by certain individuals and entities to manufacture the sale of Transamerica indexed universal life insurance ("IUL") policies for the sole purpose of reaping huge financial gains at Transamerica's expense.  Along with numerous independent producers appointed by Transamerica to solicit life insurance and other non-insurance licensed co-conspirator persons and entities, the Defendants formed and ran an enterprise by which they marketed, solicited, and caused to be issued at least 154 Transamerica IUL policies to individuals who did not need or want the insurance and/or could not afford the insurance, and who had no intent of ever paying premiums for the policies, including both initially and to keep the insurance in effect after one year.

2.     The Defendants and their co-conspirators, including independent producers and non-insurance licensed persons and entities, accomplished the foregoing scheme by (i) misleading prospective policy owners as to the nature, terms and cost of the insurance; (ii) offering prospective policy owners "free" or minimal/nominal cost Transamerica IUL policies; (iii) covertly paying or arranging for the payment of insurance premiums (making it appear to Transamerica that the premium was paid by the applicant, applicant's business, insured, policy owner, or family member); and (iv) engaging in various forms of fraud, including but not limited to making material misrepresentations to Transamerica concerning applicants' annual income and net worth, the forgery, falsification and alteration of required policy documents, and the falsification, alteration and forgery of signatures and financial instruments, including checks used to pay premium.

HINSHAW & CULBERTSON LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

36014045v1 0968761

3.      The Defendants and their co-conspirators profited from this unlawful insurance scheme by improperly taking advantage of a commission structure for Transamerica IUL policies that, in the aggregate, paid producers and their affiliated general agents an up-front, first year commission that exceeded the first year premium for the policies.  By agreement among the Defendants, general agents and other co-conspirator independent producers and other persons and entities, the general agents paid the Defendants and co-conspirators all or substantially all of the commissions they received from Transamerica.  The effect of this agreement was that the independent producers in league with the Defendants and co-conspirators received up-front compensation for the sale of the IUL policies that exceeded the first year premium for the policy.  This allowed the Defendants and their co-conspirators to substantially profit from their illicit insurance scheme even though they paid the first year premiums for the policies.

4.      Due to the wrongful conduct of the Defendants and their co-conspirators, Transamerica has not received any second year premium payments for the IUL policies at issue herein and all of the policies have lapsed for failure to pay second year premiums.  As a result of the insurance scheme described above, Transamerica estimates its aggregate financial loss to be in excess of $5.8 million, representing commissions paid by Transamerica above premium received for the IUL policies at issue, as well as underwriting, administrative and legal expenses incurred in connection with the issued policies.

## THE PARTIES

5.      Plaintiff Transamerica is a corporation organized and existing under the laws of the State of Iowa.  Transamerica is a resident and citizen of the State of Iowa, with its principal place of business located in Cedar Rapids, Iowa.  Transamerica is, and at all relevant times was, a life insurance company authorized to do business in the State of California.

HINSHAW & CULBERTSON  LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

36014045v1 0968761

6.     Defendant Madick Insurance Services, LLC ("Madick Services") is a limited liability company organized and existing under the laws of the State of California.  Madick Services is a resident and citizen of the State of California, with its principal place of business located at 4558 Sherman Oaks Ave., 2nd Floor, Sherman Oaks, California 91403.  Transamerica is informed and believes, and on that basis alleges, that Madick Services is, and at all relevant times was, an insurance agency licensed by the California Department of Insurance.

7.     Defendant Madick Insurance Group, LLC ("Madick Group") is a limited liability company organized and existing under the laws of the State of California.  Madick Group is a resident and citizen of the State of California, with its principal place of business located at 4558 Sherman Oaks Ave., 2nd Floor, Sherman Oaks, California 91403.

8.     Defendant Professional Planning Corporation ("Professional Planning") is a corporation organized and existing under the laws of the State of California.  Professional Planning is a resident and citizen of the State of California, with its principal place of business located at 4558 Sherman Oaks Ave., Sherman Oaks, California 91403.  Transamerica is informed and believes, and on that basis alleges, that Professional Planning is, and at all relevant times was, an insurance agency licensed by the California Department of Insurance.

9.     Transamerica is informed and believes, and on that basis alleges, that Defendant Kenneth Madick ("Madick") is an officer, director, employee, agent, and/or shareholder of Madick Services, Madick Group and Professional Planning, and is licensed with the California Department of Insurance to sell life insurance in the state of California.  Transamerica is further informed and believes, and on that basis alleges, that Madick is a domiciled in and a citizen and resident of Los Angeles County, California.

10.    Defendants Madick Services, Madick Group, Professional Planning, and Madick (collectively referred to herein as the "Madick Defendants"), and those

COMPLAINT

HINSHAW & CULBERTSON  LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

36014045v1 0968761

employed or acting on their behalf acted as a "case manager" or otherwise participated in some manner with respect to at least 146 IUL policies (including the majority of the IUL policies defendant Jeffrey Ferretta allegedly sold) on behalf of general agents.  In doing so, and without Transamerica's knowledge or consent, the Madick Defendants received from the general agents a substantial portion of the general agents' commissions arising from the above-described insurance scam.

11.     Transamerica is informed and believes, and on that basis alleges, that the Madick Defendants are the alter egos of Madick in that (i) there is such unity of interest and ownership between the Madick and these entities that their separate personalities no longer exist, (ii) the Madick Defendants are and were at all relevant times mere instrumentalities, agents, or conduits of Madick, (iii) Madick controls and dominates the actions of the Madick Defendants; and (iv) the failure to disregard Madick's and Madick Defendants' separate identities would result in fraud or injustice.

12.     Defendant Jeffrey Ferretta ("Ferretta") is an officer, director, employee, agent, and/or shareholder of Advanced Retirement Planning & Insurance Services, Inc. ("Advanced Retirement"), and is, and at all relevant times was, licensed to sell insurance in the State of California.  Transamerica is informed and believes, and on that basis alleges, that Ferretta is a domiciled in and a citizen and resident of San Diego County, California.  Ferretta solicited and sold Transamerica IUL policies in California utilizing his company, Advanced Retirement, which was at all relevant times a licensed producer with Transamerica.  Ferretta's efforts in connection with the above-described unlawful insurance scheme resulted in the issuance of at least 38 IUL policies for which he and his affiliated general agents, were entitled to commissions, as described above.  As discussed further below, Transamerica is further informed and believes, and on that basis alleges, that Ferretta also solicited and sold Transamerica policies for which other Transamerica producers were falsely identified on the application documents as the producer of record.

HINSHAW & CULBERTSON LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

13.     Transamerica is further informed and believes, and on that basis alleges, that each defendant herein is, and at all relevant times was, the agent, employee, representative, associate, partner, joint venturer, or co-conspirator of the other and was at all times acting with in the course and scope of such agency, employment, authority, association, partnership, joint venture or conspiracy with the knowledge and approval of, and in concert, with the other.

## JURISDICTION AND VENUE

14.     This Court has original jurisdiction under 28 U.S.C. § 1331 because this is a civil action involving the laws of the United States, namely a claim arising under the Racketeer Influenced and Corrupt Organizations Act, Section 1962(c) of Title 18 of the United States Code.

15.     This Court also has original jurisdiction under 28 U.S.C. § 1332 because this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

16.     Venue is proper pursuant to 28 U.S.C. §§ 1391(a) and 1391(b)(2) because the action is being brought in a judicial district where a substantial portion of the events and omissions giving rise to the claims in this action occurred in the Orange County, California, located in the Central District of California, Southern Division.

## GENERAL FACTUAL ALLEGATIONS
## TRANSAMERICA'S INDEXED UNIVERSAL LIFE INSURANCE POLICIES

17.     The main purpose of life insurance is to provide financial security to the insured's family, business, or loved ones upon the insured's death.  Transamerica is a life insurance company that offers both permanent and term life insurance to prospective customers.

HINSHAW & CULBERTSON LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

36014045v1 0968761

18.     Permanent life insurance is not temporary and is intended to remain in force during the insured's entire lifetime, providing premiums are paid as specified in the policy.  Unlike permanent life insurance, term life insurance generally provides coverage for only a set number of years at a level annual premium.  When that coverage period ends on a term policy, if life insurance coverage is still needed and available for purchase at the age of that insured, the insured would have to provide new evidence of insurability with regard to health and financial situation, or pay significantly higher and increasing annual premiums.  Also, as an insured ages, term insurance coverage can become prohibitively expensive, while, in general, permanent insurance can provide the policy owner a way to pre-fund for future charges to provide a more levelized premium approach.  Generally, permanent insurance costs more initially and in the short term, but can ultimately be more affordable for long term, lifelong coverage needs.

19.     Universal Life insurance is a form of permanent life insurance. Universal Life insurance policies offer a valuable death benefit and, unlike term life insurance policies, provide the opportunity to build cash value from which the policy owner can borrow or withdraw.  The advantage of Universal Life insurance coverage over other forms of permanent insurance (and term life insurance) is that Universal Life insurance gives the policy owner more flexibility over his or her policy to assist in meeting financial goals.  For example, (with certain limits) a policy owner can choose the amount, method and timing of his or her premium payments, which in turn determines how the policy value develops.  Universal Life insurance is also an "interest sensitive" product.  This means that the interest rates credited to policy values will change over time.  Flexibility of payments, ability to pre-fund for future protection costs, tax-deferred cash value accumulation, coverage options (subject to contract requirements), and the ability to continue coverage for an entire lifetime without ever having to re-qualify from a health standpoint or financially are the primary advantages of Universal Life coverage over term insurance coverage.

HINSHAW & CULBERTSON  LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

36014045v1 0968761

Because of these advantages, Universal Life insurance can be effectively used in estate planning, business planning, and retirement planning, offering the policy owner a variety of options.

20.     One type of Universal Life insurance offered by Transamerica is called "Indexed Universal Life ('IUL') insurance."  Like all Universal Life insurance, net premiums for IUL policies are applied to a fixed account that earns a fixed rate of interest subject to a guaranteed minimum. Unlike typical Universal Life insurance, a percentage of that value, which is determined by the policy owner, can be transferred to an indexed account and earn interest based in part on changes to outside indexes. A person might consider IUL coverage if that person is interested in (i) death benefit protection; (ii) greater cash value accumulation potential than traditional life universal insurance; and/or (iii) protection from market-based losses with an interest crediting floor.

## THE SALE OF IUL POLICIES

21.     Transamerica IUL policies are generally sold by appointed independent, contracted producers who are affiliated with Transamerica's general agents (collectively referred to herein as "distributors").  Transamerica typically pays distributors of its IUL policies commissions for each sale as follows:  the selling producers are paid commissions up to 90% of the first year target premium and the general agent is paid a "commission override" of 55% of the first year target premium in addition to any portion of the 90% commission not paid to the selling producer.  Smaller commissions (2% to the producer and 2% for the general agent) are paid for premium paid in excess of the first year target premium.

22.     It is customary and relatively common in the life insurance industry for life insurers to pay distributors up-front, lump-sum commissions for the sale of life insurance that exceed the first year target premium.  Payment in this manner accounts for, among other things, the considerable time and expense incurred by

HINSHAW & CULBERTSON LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

36014045v1 0968761

distributors in marketing, soliciting, and securing applications for life insurance, and the servicing of clients over what tend to be long-term insurance relationships.

23.     When permanent insurance, like IUL insurance, is sold for a legitimate purpose (such as income protection or estate planning), policy owners tend to keep the insurance in force through the payment of premium year after year for extended periods of time and often for the lifetime of the insured.  It is thus very uncommon for permanent policies to lapse for the non-payment of premium, and particularly rare for them to lapse after only one year in force.  In fact, given the cost of such insurance, it would not make financial sense for an individual to buy permanent life insurance coverage for only one year.  Based on Transamerica's experience, the expected lapse rate for its permanent insurance policies is approximately 1% after one year.  Permanent life insurance is thus issued by Transamerica with the expectation that (i) the policy owner has a legitimate need for (and wants) the coverage applied for and (ii) the policy owner will keep the coverage in force for many years.

24.     The manner in which commissions are paid on Transamerica IUL policies contemplates that most IUL policies will be kept in force for many years and that the vast majority of IUL policies will not lapse due to the policy owner's failure to pay premiums beyond the first year.  In fact, given the up-front commission structure, underwriting costs and administrative costs associated with IUL policies, it takes several years of premium payments just for Transamerica to recover the acquisition costs associated with the sale of such products.

**THE SCHEME**

25.     In and after mid-February 2013, Transamerica discovered that certain of its distributors, including Ferretta acting through his company Advanced Retirement, were engaging and/or participated in a scheme (or schemes) with various individuals

HINSHAW & CULBERTSON LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

36014045v1 0968761

and entities, including the other Defendants named herein, designed to unjustly enrich themselves at the expense of Transamerica.

26.    This lawsuit arises out of Defendants' wrongful conduct in connection with the marketing, solicitation, application for, sale and/or funding of more than 154 Transamerica IUL policies.

27.    Specifically, Transamerica is informed and believes, and on that basis alleges, that Defendants, in violation of law, engaged in and/or participated in a scheme by which they and other co-conspirators manufactured the sale of IUL policies through the payment of first year premium on behalf of policy applicants who could not afford the coverage, did not want to pay for the coverage, did not understand the true nature or cost of the coverage, did not legitimately need the coverage, and/or who had no intent of keeping the coverage in force through the payment of future premium from their own pocket.

28.    Despite the payment of the first year premium for Transamerica IUL policies on behalf of applicants, Defendants and other co-conspirators involved in the scheme nevertheless reaped a financial benefit for themselves because, in addition to the commissions the appointed independent producers expected to receive  from the "sale" of these policies, the producers and/or their co-conspirators, some of whom were not appointed with Transamerica, negotiated arrangements with certain affiliated general agents to be paid all, or substantially all, of the commission override paid by Transamerica to such general agents.  The effect of the foregoing was that, through the "pooling" of commissions from each IUL policy "sale," the Defendants and their co-conspirators made a profit over and above the first year premiums that they paid on behalf of the applicants/policy owners.

29.    Consistent with their scheme to bilk Transamerica out of millions of dollars and enrich themselves, Transamerica is informed and believes, and on that basis alleges, that Ferretta, among other things, used other producers' names on applications he took even though the identified producer never met with, spoke to, or

HINSHAW & CULBERTSON LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

36014045v1 0968761

took the application of IUL policy applicant.  Transamerica is informed and believes, and on that basis alleges that, in exchange for money, Ferretta agreed that other producers and/or non-producers with whom they conspired would use their names on applications and other policy-related documents so that IUL applications and policy documents would be associated with a different "writing agent" and, therefore, appear on their face to be legitimate to Transamerica because the IUL policies were spread over numerous producers.  Transamerica is further informed and believes, and on that basis alleges, that Ferretta took these policy applications on persons who he knew could not afford the coverage, could not legitimately qualify for the coverage based on their true financial condition, did not want to pay for the coverage, did not understand the true nature or cost of the coverage, did not legitimately need the coverage, and/or who had no intent of keeping the coverage in force through the payment of future premiums from their own pocket.

30.    Transamerica is informed and believes, and on that basis alleges, that, in many cases, applications for the IUL policies at issue herein, including those sold by Ferretta, contain "cut and paste" and otherwise improperly duplicated signatures of the policyholders, as well as "cut and paste" signatures of Ferretta or other producers.  Transamerica is further informed and believes, and on that basis alleges, that Ferretta gave other producers and/or non-producers involved in the scheme permission to use his electronic signatures on any and all documents necessary to secure issuance of the IUL policies, including but not limited to application materials, policy illustrations, and policy delivery certificates.

31.    Transamerica is informed and believes, and on that basis alleges, that when Ferretta received commissions from Transamerica relating to IUL policies for which Ferretta was identified as the producer, Ferretta routinely forwarded those commissions to a co-conspirator not contracted with Transamerica, issued a Form 1099 to that co-conspirator reflecting the payment, and later received payment from that co-conspirator representing a percentage of the total commissions Ferretta

HINSHAW & CULBERTSON LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

COMPLAINT

36014045v1 0968761

originally received from Transamerica.  Transamerica is informed and believes, and on that basis alleges, that the co-conspirator to whom Ferretta provided his commissions then utilized that money to cover the first year premium on IUL policies he had already paid on behalf of prospective policy owners.

32.    Transamerica is informed and believes, and on that basis alleges, that Ferretta was directly involved in and/or facilitated the above-described insurance scheme either by his general involvement in carrying out or facilitating the scheme or by his specific involvement in meeting with applicants and offering them "free" or low cost insurance through Transamerica.

33.    As discussed above, the Madick Defendants acted as a "case manager" for one or more of the general agents with whom many of the Transamerica IUL producers, including Ferretta, were affiliated.  In that role, the Madick Defendants acted as a conduit through which IUL application and policy documentation was consolidated and provided to Transamerica so as to make the IUL business appear legitimate to Transamerica.  Transamerica is informed and believes, and on that basis alleges, that the Madick Defendants were aware of the nature of the scheme described above.  Among other things, in facilitating and perpetuating that scheme, the Madick Defendants communicated directly with co-conspirators involved in the scheme and concealed material facts about the IUL business from Transamerica, including the fact that IUL policy applicants were not paying first year premiums from their own funds, that persons and entities not contracted with Transamerica had generated, funded, facilitated and perpetuated the IUL business, and that certain producers were not actually involved in the production of the IUL business but were assigned to that business by the Madick Defendants and/or co-conspirators to make the business appear as if it had been legitimately generated by multiple, different producers.  The Madick Defendants also received from general agents all or substantially all of their commission overrides relating to IUL policies for which they acted as a "case manager" and, in turn, they routinely forwarded these funds, in

HINSHAW & CULBERTSON  LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

COMPLAINT

whole or substantial part, to a non-producer co-conspirator and then issued a Form 1099 to that non-producer reflecting the payment.  Transamerica is informed and believes, and on that basis alleges, that the co-conspirator to whom the Madick Defendants paid these override commissions then utilized that money to pay first year premiums on additional IUL policies on behalf of prospective policy owners. Further, Transamerica is informed and believes, and on that basis alleges that, at least with respect to two IUL policyholders, Madick and/or Madick Services, paid money directly to the policyholders so that they could pay the premiums for their policies, and later collected both the producer's commissions on those policies from the producer who sold those policies and general agent's override commissions on those policies, which allowed them to reimburse themselves for the funds they had previously given to the policyholders for the premiums.

34.    As the purported "case manager," the Madick Defendants also served as the contact with Transamerica concerning the bulk of the IUL business at issue in this matter so that, if Transamerica had questions about the IUL business submitted through the Madick Defendants, they were contacted and provided responses. Transamerica is informed and believes, and on that basis alleges, that in many (if not all) instances, when Transamerica asked the Madick Defendants to provide information about the IUL business (including responding to any complaints or problems), they communicated directly with the co-conspirators involved in the scheme to develop responses that they concluded would satisfy Transamerica's inquiries and preclude further inquiry.  This included but was not limited to providing Transamerica with false or fabricated information addressing policy holder complaints and other IUL policy-related issues.

35.    Transamerica is informed and believes, and on that basis alleges, that the IUL policy scheme described above was accomplished, in whole or part, through the submission of IUL policy applications to Transamerica that contained false or misleading information concerning the applicant-insureds, including, among other

HINSHAW & CULBERTSON LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

COMPLAINT

36014045v1 0968761

things, falsified or forged signatures of applicant-insureds and other material misrepresentations about applicant-insureds' annual income, net worth and employment.

36.     The result of the above-described dishonest and illegitimate insurance scheme is that the Defendants and co-conspirators with whom they worked have obtained a significant financial benefit at the expense of Transamerica. Because the IUL policies were not sold for a legitimate insurance purpose and because the applicant/policy owners never intended to (or could not afford to) keep the policies in effect after one year, almost all of the IUL policies involved in the scheme have lapsed for failure to pay second year premiums and the remainder are expected to lapse shortly. Transamerica estimates its aggregate financial loss as a result of the foregoing scheme exceeds $5.8 million, encompassing commissions paid above premium received and acquisition expenses relating to the IUL policies, including but not limited to underwriting expenses and administrative processing expenses incurred with respect to each IUL policy.

## FIRST CLAIM FOR RELIEF

### (Violations of Bus. & Prof Code §§ 17200, *et seq*. Against All Defendants)

37.     Transamerica re-alleges and incorporates herein, each and every allegation contained in Paragraphs 1 through 36 above.

38.     California Business and Professions Code section 17200 prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice. Business and Professions Code section 17203 allows for awards or judgments "as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."

39.     Business and Professions Code section 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to bring suit for unfair competition.

HINSHAW & CULBERTSON LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

36014045v1 0968761

40.     Transamerica is informed and believes and, on these bases alleges, that the wrongful scheme described herein, constitutes unfair competition under California Business and Professions Code Section 17200.

41.     The Defendants profited from their undisclosed wrongful scheme alleged herein, and received ill-gotten commissions paid by Transamerica in connection with the sale of the IUL policies submitted pursuant to the wrongful scheme, in addition to other financial benefits.

42.     To date, as a direct and proximate result of this wrongful scheme, Transamerica has paid in excess of $11,137,844 in commissions to producers (including Ferretta) and their affiliated general agents.  The general agents in turn gave the majority of their commissions to the Madick Defendants.  As a further result of the wrongful scheme, Transamerica incurred significant underwriting and administrative costs related to the IUL policies at issue.

43.     Transamerica is entitled to recover all amounts by which the Defendants have been unjustly enriched by means of their unlawful, unfair, and fraudulent business acts and practices of unfair competition at Transamerica's expense in the form of restitution, in an amount to be proven at the trial, but believed to exceed $5 million.

44.     An order requiring the Defendants to disgorge all of their ill-gotten commissions, and all of the profits and gains they reaped and restore such amounts to Transamerica that were unlawfully taken by the Defendants through the wrongful scheme, should be granted.

COMPLAINT

HINSHAW & CULBERTSON  LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

36014045v1 0968761

## SECOND CLAIM FOR RELIEF

**(For Violations of Racketeer Influenced and Corrupt Organizations Act,**

**Section 1962(c) of Title 18 of the United States Code**

**Against All Defendants)**

45.     Transamerica re-alleges and incorporates herein paragraphs 1 through 44, as set forth above.

46.     Section 1962(c) of Title 18 of the United States Code provides that "it is unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

47.     Section 1964(c) of Title 18 of the United States Code permits civil suits by any person injured in his business or property by reason of a violation of Section 1962 of Title 18 of the United States Code and further provides that the person injured "shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee."

48.     The Defendants, and each of them, and their co-conspirators were associated-in-fact to form an enterprise, which had an ongoing organization with its various associates functioning as a continuing unit for the common purpose of engaging in the conduct described herein for economic gain at the expense of Transamerica.  The above-described enterprise had, at all relevant times herein, an ascertainable structure distinct from that inherent in the conduct of the pattern of racketeering activity described herein.

49.     The Defendants, and each of them, as well as their co-conspirators are "persons" as defined in Section 1961(3) of Title 18 of the United States Code, all of whom are and were at all relevant times separate and distinct from the aforementioned enterprise but associated with that enterprise through, among other things, causing the formation of the enterprise, organizing the enterprise, managing

-15-

HINSHAW & CULBERTSON  LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

36014045v1 0968761

the enterprise, funding the enterprise, and/or acting in a manner that sustained the existence, advancement and/or purpose of the enterprise.

50.     Transamerica is informed and believes, and on that basis alleges, that the Defendants, and each of them, as well as their co-conspirators have conducted or participated, directly and indirectly, in the conduct of the above-described enterprise's affairs through an on-going and continuous pattern of racketeering activity, as defined under Section 1961(1) of Title 18 of the United States Code, comprised of at least the following predicate acts, all of which occurred within approximately two years of one another:

(a)     Devising or intending to devise a scheme or artifice to defraud Transamerica, and obtaining money from Transamerica by means of false or fraudulent pretenses and representations, by means of wire (18 U.S.C. §1961(1); 18 U.S.C § 1343) by submitting or causing the submission of IUL policy applications, and related application and policy material, relating to approximately 154 IUL policies to Transamerica which contained materially false misrepresentations regarding, among other things, the annual income and net worth of the applicants (by falsely inflating the figures), the purposes of and reasons for the insurance applied for (making the purpose and reason appear legitimate), and the relationships with and contacts between the applicant and the independent producers who purportedly sold the policies (making it appear as if the agent was intimately involved in the process and met with the applicant when that was false in most cases). Among other things, these misrepresentations were made for the purpose of increasing the face value of the policy (and thus increasing commissions), to reduce the chances of suspicion and inquiry by Transamerica during the underwriting process, and to increase the chance that Transamerica would issue the policies.

COMPLAINT

HINSHAW & CULBERTSON LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

36014045v1 0968761

(b)     Devising or intending to devise a scheme or artifice to defraud Transamerica, and obtaining money from Transamerica by means of false or fraudulent pretenses and representations, by means of wire (18 U.S.C. §1961(1); 18 U.S.C § 1343) by submitting or causing the submission of IUL policy applications, and related application and policy material, relating to approximately 154 IUL policies to Transamerica which contained forged and/or "cut and paste" signatures of the applicants.  Among other things, application and policy documents, including portions of applications, policy illustrations, policy amendments, and delivery certificates, all of which Transamerica requires be executed by the applicant as a condition to the issuance of life insurance coverage, routinely contained inauthentic applicant signatures.  Had Transamerica been aware that the signatures were invalid or inauthentic, Transamerica would not have issued the IUL policies.

(c)     Devising or intending to devise a scheme or artifice to defraud Transamerica, and obtaining money from Transamerica by means of false or fraudulent pretenses and representations, by means of wire (18 U.S.C. §1961(1); 18 U.S.C § 1343) by submitting or causing the submission of IUL policy applications, and related application and policy material, misrepresenting and concealing the source of the premium payments for IUL policies by conveying, or causing to be conveyed, in writing to Transamerica that the source of the premium was the applicant, the applicant's business or a person closely related to the applicant when, in fact, the source of the premium funds was one or more of the Defendants and/or their co-conspirators.  Had Transamerica been aware that the applicants or proposed policy owners (if other than the applicants) were not paying the premium for the IUL policies issued

-17-

HINSHAW & CULBERTSON LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

36014045v1 0968761

but that the source of the funds was one or more of the Defendants or their co-conspirators, it would not have issued the IUL policies as such premium funding was and is contrary to Transamerica's rules, guidelines, and policies as well as contrary to the legitimate purposes of life insurance coverage.

(d)   Devising or intending to devise a scheme or artifice to defraud Transamerica, and obtaining money from Transamerica by means of false or fraudulent pretenses and representations, by means of mail (18 U.S.C. §1961(1); 18 U.S.C § 1341) by submitting or causing the submission of premium checks to Transamerica for IUL policies which concealed the true payor(s) of the premium and which, in many cases, were altered, fabricated and/or forged to make the payment appear as if it originated with the applicant, the applicant's business and/or someone closely related to the applicant.  Had Transamerica been aware of the aforementioned fraud and deception in the payment of premiums, it would not have issued the IUL policies.

(e)   Devising or intending to devise a scheme or artifice to defraud Transamerica, and obtaining money from Transamerica by means of false or fraudulent pretenses and representations, by means of mail (18 U.S.C. §1961(1); 18 U.S.C § 1341) by submitting or causing the submission of premium to Transamerica for IUL policies by means of cashier checks purchased by one or more of the Defendants, or their co-conspirators, so as to mislead and deceive Transamerica into believing that the applicant or prospective policy owner had paid the premiums for the policy.  Had Transamerica been aware of the aforementioned fraud and deception in the payment of premiums, it would not have issued the IUL policies.

-18-
COMPLAINT

HINSHAW & CULBERTSON LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

36014045v1 0968761

(f)     Devising or intending to devise a scheme or artifice to defraud Transamerica, and obtaining money from Transamerica by means of false or fraudulent pretenses and representations, by means of wire or mail (18 U.S.C. §1961(1); 18 U.S.C § 1341; 18 U.S.C. § 1343) by submitting or causing the submission of written representations to Transamerica designed to (i) mislead Transamerica into issuing IUL policies it would not have issued had it known the true facts, including written representations designed to make it appear as if premiums originated with the applicant or prospective policy owner and attesting to the legitimacy and source of premium payments and (ii) cover up and mislead Transamerica concerning the facts underlying the insurance scam as described herein.

51.     Transamerica is informed and believes, and on that basis alleges, that the foregoing alleged predicate acts, which commenced in or about December 2011, were perpetrated for the purpose of inducing Transamerica to issue IUL policies that it would not have otherwise issued had it been aware of the true facts.  By defrauding Transamerica in this manner, the Defendants were able to reap, and did reap, a substantial economic benefit to the detriment of Transamerica due to the compensation structure applicable to Transamerica's IUL policies (as alleged in detail above).  Transamerica is informed and believes, and on that basis alleges, that none of the IUL policies issued by reason of the acts described herein was procured for a legitimate purpose or procured by legitimate means.  In fact, as alleged above, all or substantially all of the IUL policies issued as a result of the wrongful acts alleged herein have lapsed or will lapse shortly due to the failure to pay second year premium.

52.     The above-described pattern of racketeering activity involved instrumentalities of interstate commerce, specifically interstate wire (including facsimile, e-mail and/or telephone) and mail used by the Defendants, and each of

HINSHAW & CULBERTSON LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

them, and their co-conspirators, to transmit, and facilitate the transmission of, documentation and information integral to their racketeering activity to Transamerica's out-of-state offices.

53.     Transamerica was injured in its business and/or property by reason of the above-alleged racketeering activity in an amount to be proven at trial but believed to be in excess of $5.8 million, representing commissions paid by Transamerica above premium received for the IUL policies, as well as underwriting, administrative and legal expenses incurred in connection with the IUL policies issued due to the conduct of the enterprise as described herein.  But for the conduct of the enterprise, as described above, Transamerica would not have issued the IUL policies at issue and would not have suffered any financial injury.

54.     By virtue of the above-described conduct racketeering activity, which violates Section 1962(c) of Title 18 of the United States Code, Transamerica is further entitled to treble damages from the Defendants, and each of them, as well as its reasonable attorneys' fees relating to the prosecution of this action.

## **THIRD CLAIM FOR RELIEF**

### **(Fraud-Deceit Against All Defendants)**

55.     Transamerica re-alleges and incorporates herein, each and every allegation contained in Paragraphs 1 through 54 above.

56.     At the time the Defendants sold the Transamerica IUL policies at issue and/or facilitated the submission and transmission of the applications for the IUL policies at issue, they knew and failed to reveal and, in fact, concealed and suppressed the material facts of the wrongful scheme as alleged herein.

57.     By acting in the manner described herein, Defendants, and each of them, affirmatively represented to Transamerica that the IUL business they were submitting was legitimate and/or concealed from Transamerica the true facts surrounding the business, including that the business was often arranged for or

HINSHAW & CULBERTSON LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

36014045v1 0968761

solicited by or through persons and entities not licensed to transact insurance and/or not contracted with Transamerica, that the premium was not paid by the applicants/policy owners, that named producers on the applications were often not personally involved in the obtaining the business, that producers, including Ferretta, were taking no steps to ensure that the applicants for insurance needed or could realistically afford the policy premiums, that producers, including Ferretta, were not determining whether the IUL policies were suitable given the applicants' financial and insurance needs, that the producers, including Ferretta, were sharing their commissions with non-licensed and/or non-contracted persons and entities for the purpose of pooling commissions to fund first year premiums, that applications contained material misrepresentations and omissions, that applications and other policy-related documents contained the applicants' "cut and paste" signatures, that policy illustrations were not delivered to the applicants, that issued policies were not delivered to the policy owners, that information provided to Transamerica in response to inquiries about the IUL policies (including inquiries regarding policy owner complaints) was false, and that the IUL policies issued would, in all likelihood, lapse for the non-payment of premium after one year due to the nature of the scheme described herein.

58.     The Defendants' fraudulent conduct, and their failure to disclose and suppression of the wrongful scheme was likely to mislead Transamerica and did, in fact, mislead Transamerica, with the sole purpose being to wrongfully induce Transamerica to issue the IUL policies in question and to pay commissions (including commission overrides) thereon.

59.     If Transamerica had been aware of the existence of the wrongful scheme, it would not have issued the IUL policies in question, paid commissions on such policies or incurred any acquisition costs.

60.     As a proximate result of the fraudulent conduct of the Defendants as alleged herein, Transamerica was fraudulently induced into issuing the IUL policies

HINSHAW & CULBERTSON LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

COMPLAINT

36014045v1 0968761

in question.  The damages to Transamerica will be proven at trial, but is believed to exceed $5.8 million.

## FOURTH CLAIM FOR RELIEF

### (Unjust Enrichment Against All Defendants)

61.     Transamerica re-alleges and incorporates herein, each and every allegation contained in Paragraphs 1 through 60 above.

62.     Ferretta was paid commissions by Transamerica for 38 of the IUL policies at issue, and the Madick Defendants received override commissions Transamerica paid to general agents (and in some cases producers) on at least 146 Transamerica IUL policies as a result of the wrongful scheme they perpetrated, as described herein.

63.     The payment of such commissions by Transamerica as a result of the wrongful conduct of the Defendants led to their unjust enrichment. Transamerica is informed, believes and on that basis, alleges that the Defendants may have profited in other yet to be fully discovered ways as a result of their wrongful conduct in connection with the sale of Transamerica IUL policies.

64.     Transamerica is informed, believes and on that basis alleges that as a result of the Defendants' wrongful and unlawful conduct and their unjust enrichment thereby at Transamerica's expense, Transamerica is entitled to restitution and the disgorgement of the Defendants' ill-gotten gains, in a total amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF

### (Negligence Against All Defendants)

65.     Transamerica re-alleges and incorporates herein, each and every allegation contained in Paragraphs 1 through 64 above.

HINSHAW & CULBERTSON LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

36014045v1 0968761

66.     By reason of his relationship to Transamerica, Ferretta owed a duty of care to Transamerica to act as reasonable producer in the life insurance industry and to not act in a manner contrary to Transamerica's business interests or financial welfare.

67.     By reason of the Madick Defendants acting as a case manager for general agents through which producers, including Ferretta, submitted IUL business to Transamerica, the Madick Defendants owed a duty of care to Transamerica to act as reasonable agents of general agents in the life insurance industry and to not act in a manner contrary to Transamerica's business interests or financial welfare.

68.     The Defendants negligently breached this duty of care by participating in the wrongful scheme alleged herein, so as to directly and legally cause the damages described below.

69.     The Defendants engaged in negligent or wrongful conduct and, through their words and/or conduct, encouraged or permitted others to participate, despite the harm or foreseeable risk of harm for Transamerica thereby created by the wrongful scheme.

70.     The Defendants knew, or should have known, that their conduct was adverse to Transamerica's business interests and would cause Transamerica harm.

71.     As a direct, proximate and legal result of the negligence of the Defendants, Transamerica has been damaged in an amount exceeding $5.8 million, including the commissions wrongfully obtained by producers, override commissions paid to general agents, and acquisition expenses relating to the IUL policies including but not limited to underwriting expenses and administrative processing expenses incurred with respect to each IUL policy. But for the negligent conduct of Defendants, Transamerica would not have suffered theses damages. Thus, Transamerica is entitled to recover these losses from the Defendants.

HINSHAW & CULBERTSON LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-23-
COMPLAINT

36014045v1 0968761

# SIXTH CAUSE OF ACTION

## (For Negligent Misrepresentation Against All Defendants)

72.     Transamerica re-alleges and incorporates herein paragraphs 1 through 71, as set forth above.

73.     Beginning in or about December 2011, and continuing during all relevant times herein, the Defendants, with the assistance, support and knowledge of the co-conspirators, negligently misrepresented and/or concealed material facts from Transamerica concerning the applications and payment of premiums for approximately 154 IUL policies, as alleged more specifically above (including in paragraphs 25 through 36, 50 (including subparts (a) through (f)) and 51), all of which constituted negligent misrepresentation and concealment in furtherance of the unlawful insurance scheme alleged herein.  The Defendants' negligent misrepresentation and concealment was at all relevant times pervasive and continuous across all applications and premium payments for all IUL policies at issue herein.

74.     The negligent misrepresentation and concealment of the Defendants, and each of them, as well as their co-conspirators, was directed at Transamerica and was specifically intended to induce Transamerica to issue the IUL policies and to pay commissions on the "sale" of such IUL policies.

75.     Transamerica relied to its detriment on the negligent misrepresentation and concealment of the of the Defendants, and each of them, by issuing the IUL policies at issue herein, paying commissions, and incurring the costs associated with the underwriting and administration of such policies.  Had Transamerica been aware of the negligent misrepresentation and concealment described herein, it would never have issued any of the approximately 154 IUL policies at issue in this lawsuit and would thus not have suffered the financial harm alleged herein.

76.     Transamerica was damaged as a result of the Defendants negligent misrepresentation and concealment in an amount to be proven at trial but believed to

HINSHAW & CULBERTSON  LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

36014045v1 0968761

exceed $5.8 million, representing commissions paid by Transamerica above premium received for the IUL policies, as well as underwriting, administrative and legal expenses incurred in connection with the IUL policies issued due to the conduct described herein.

WHEREFORE, Transamerica prays as follows:

As to the First Claim for Relief:

1.     For an award against the Defendants, and each of them, directing each to disgorge any and all of the ill-gotten commissions, profits and gains they reaped by way of their unlawful, unfair, and fraudulent business acts as described herein and restore such amounts to Transamerica.

2.     For an order permanently restraining and enjoining the Defendants, and each of them, from engaging in the unlawful and wrongful conduct alleged herein, including restraining such defendants from the unlawful marketing, soliciting, or selling life insurance.

3.     For such other temporary or permanent injunctive relief as the Court deems appropriate to curtail the unfair business practices alleged herein and restore to Transamerica all ill-gotten commissions, profits and gains reaped by way of the Defendants' unlawful, unfair, and fraudulent business acts.

4.     For an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

5.     For pre-judgment interest at the legal rate.

As to the Second Claim for Relief:

1.     For compensatory, special, and/or consequential damages according to proof but in an amount not less than $5.8 million.

COMPLAINT

HINSHAW & CULBERTSON LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

36014045v1 0968761

2.    For treble damages pursuant to Section 1964(c) of Title 18 of the United States Code.

3.    For reasonable attorneys' fees pursuant to Section 1964(c) of Title 18 of the United States Code.

4.    For prejudgment interest at the legal rate.


As to the Third Claim for Relief:

1.    For compensatory, special, and/or consequential damages according to proof but in an amount not less than $5.8 million.

2.    For exemplary and punitive damages pursuant to California Code of Civil Procedure § 3294.

3.    For prejudgment interest at the legal rate.


As to the Fourth Claim for Relief:

1.    For restitution and disgorgement in favor of Transamerica in the amount of the ill-gotten gains to the Defendants by reason of their wrongful conduct as alleged herein.

2.    For prejudgment interest at the legal rate.


As to the Fifth Claim for Relief:

1.    For compensatory, special, and/or consequential damages according to proof but in an amount not less than $5.8 million.

2.    For prejudgment interest at the legal rate.


As to the Sixth Claim for Relief:

1.    For compensatory, special, and/or consequential damages according to proof but in an amount not less than $5.8 million.

2.    For pre-judgment interest at the legal rate.

HINSHAW & CULBERTSON  LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800
COMPLAINT

36014045v1 0968761

1      As to All Claims for Relief:

2      1.    For costs according to proof.

3      2.    For such other relief as the Court deems just and proper.

4

5    Dated: February 13, 2015           HINSHAW & CULBERTSON LLP

6

7                    By: /s/ Vivian I. Orlando

8                      ANDREW S. WILLIAMS

                          SANDRA I. WEISHART

9                      VIVIAN I. ORLANDO

                          Attorneys for Plaintiff

10                    Transamerica Life Insurance

                          Company

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HINSHAW & CULBERTSON  LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

36014045v1 0968761